**In re Petition for Naturalization of SUN CHA TOM.**

No. 33374.

United States District Court
D. Hawaii.

Dec. 18, 1968.

under section 319(b) of the Immigration and Nationality Act of 1952 (8 U.S.C. § 1430(b)). In essence this permits the naturalization of an alien who meets all other eligibility requirements if he or she establishes an intention in good faith, upon naturalization, to reside abroad with his or her United States citizen spouse and to take up residence in the United States immediately upon termination of the employment abroad of such citizen spouse.

Petitioner's spouse is a citizen of the United States and is currently serving in Vietnam as a member of the Armed Forces of the United States.

Petitioner desires, intends, is willing, and is ready to live with her husband in Vietnam immediately after naturalization, but she is unable to do so because the United States Government does not and will not authorize her to reside with him in Vietnam during his tour of duty. She will, however, immediately after naturalization, reside in South Korea during her husband's tour of duty in Vietnam and while in Korea she does not intend to visit her husband in Vietnam. Her husband does not intend to visit the petitioner in Korea even if he is permitted by his official duties in Vietnam. However, she intends in good faith to take up residence in the United States immediately upon the termination of her husband's tour of duty in Vietnam.

The United States Government has recognized that existing world conditions create dangers to persons present or residing in areas where hostile activities are taking place, and has designated such areas as locations in which dependents of the United States Government employees and servicemen cannot reside. Vietnam has been so designated by the United States Government.

The question presented is whether the petitioner is barred from naturalization under section 319(b), supra, because, although she intends, is willing, and is ready, she is unable to reside with her citizen husband promptly upon naturalization in Vietnam because restrictions

---◆---

## MEMORANDUM

TAVARES, District Judge.

Petitioner, a native and national of the Republic of Korea, seeks citizenship

imposed by the United States Government preclude her from residing with him there.

Current section 319(b), supra, requires the petitioner, among other requirements, to take up residence within the United States immediately upon the termination of the employment abroad of the citizen spouse, and does not contain the requirement that the alien spouse must intend to join the citizen spouse abroad upon naturalization [see Senate Report No. 1137, Jan. 29, 1952 (to accompany S. 2250); House Report No. 1365, Feb. 14, 1952 (to accompany H.R. 5678); Conference Report No. 2096, June 9, 1952 (to accompany H.R. 5678)].

However, a Presidential report to the Congress explanatory of a proposed section 311 (ultimately section 312 of the Nationality Act of 1940) stated in relevant part that the proposed section would facilitate the naturalization of spouses of certain citizens regularly stationed abroad in specified employment —spouses who, by reason of enforced absence from the United States, could not hope to meet the normal residence requirements for naturalization [see Part 1, Codification of the Nationality Laws of the United States (House Committee Print—76th Cong., 1st Sess., page 28), June 13, 1938].

■ Consequently, it is only reasonable to conclude that, in enacting section 312, and analogous section 319(b), supra, the Congress sought to provide a remedy for this particular problem, and, therefore, intended to limit the section's benefits to a petitioner who planned to go abroad and reside with the citizen spouse during the period of the employment.

Further, it is apparent that, unless the Congress intended or contemplated that the naturalized spouse would proceed abroad and take up residence with the citizen spouse during the period of employment, this affirmative provision of the section ceases to have meaning. If the naturalized spouse does not go abroad, there is nothing to "take up * * *" "upon the termination".

■ The foregoing Congressional intent is confirmed by regulation [see section 319.2 of Title 8 of the Federal Regulations]. These regulations have the force and effect of law and are binding upon the aliens as well as upon the Immigration and Naturalization Service [Bilokumsky v. Tod, 263 U.S. 149, 155, 44 S.Ct. 54, 68 L.Ed. 221, 224; Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103, 2114].

Accordingly, and based on a consideration of the naturalization examiner's memorandum, the Court, being fully advised in the premises, makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. The petitioner, a lawful permanent resident alien of the United States, is the wife of a citizen of the United States who is regularly stationed in Vietnam as a member of the United States Armed Forces.

2. The petitioner in good faith has declared her desire, her willingness and readiness to go to Vietnam to reside with her citizen husband, and her intention to take up residence in the United States immediately upon the termination of her husband's tour of duty in Vietnam.

3. However, by restrictions imposed by the United States Government, petitioner, as a dependent of a member of the Armed Forces of the United States, is not authorized to reside in Vietnam with her citizen husband during the period of his tour of duty in Vietnam.

4. Petitioner will reside in Korea during her husband's tour of duty in Vietnam and does not intend to visit her husband in Vietnam. Nor does the husband intend to visit the petitioner in Korea even

if he is permitted by his official duties in Vietnam.

CONCLUSIONS OF LAW

1. Section 319(b), supra, and 8 C.F.R. 319.2, supra, require petitioners who seek naturalization under section 319(b) to declare an intention in good faith to proceed abroad, reside with the citizen spouse during the period of such spouse's foreign employment and take up residence in the United States immediately upon termination of such employment abroad.

2. Section 319(b), supra, and 8 C.F.R. 319.2, supra, do not, however, contemplate barring naturalization of a person such as the petitioner herein whose desire and intention to reside with her citizen spouse are hampered and restricted solely by the applicable orders of the United States Government.

3. Petitioner has established eligibility for naturalization pursuant to the provisions of Section 319(b), supra.

The petition is hereby ordered granted.