584

In the Matter of Petition for Naturalization of Silvia Martinez SIMPSON.
Petition No. 2533.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Jan. 15, 1970.

—————◆—————

OPINION ON PETITION FOR
NATURALIZATION

DAWKINS, Chief Judge.

The issue here is whether Silvia Martinez Simpson is qualified for naturalization under Section 319(b) of the Immigration and Nationality Act,[1] in that she must establish that she intends to join her citizen spouse abroad upon naturalization.[2] The question arises from the fact that although petitioner is willing and would join her citizen spouse promptly upon naturalization, she is prohibited from doing so solely because of restrictions imposed by the United States Government which preclude dependents, including petitioner, from residing with her citizen spouse.

Petitioner is a thirty-five year old native of Spain and her citizen spouse is a member of the United States Air Force who will be stationed at an Air Force Command in Thailand. The latter's orders show that dependents are prohibited within that overseas area, due to the dangers inherent at present in that country. Mrs. Simpson has stated her intention to return to the United States with her citizen husband and two citizen children upon completion of her husband's overseas assignment. She and her two children will reside with her parents in Spain while her husband is in Thailand.

We are of the opinion that petitioner is unable to comply with the requirements of Section 319(b), that she proceed abroad to take up residence with the citizen spouse, solely by reason of restrictions imposed by the United States Government. This fact cannot reasonably be regarded as the voluntary or willful act of the petitioner or as being in contravention of Congressional policy. See Petition for Naturalization of Sun Cha Tom, 294 F.Supp. 791 (Hawaii, 1968). The Court further finds that to deny the petitioner's naturalization would be contrary to Congressional intent in the enactment of Section 319(b) (8 U.S.C. § 1430) and its related sections.

In light of the foregoing, petitioner's testimony in Court, and the Examiner's recommendation,[3] this Court is satisfied that petitioner has established her eligibility for naturalization and adopts the findings of fact and conclusions of law of the Designated Examiner.

---

1. 8 U.S.C. § 1430.

2. This matter was heard upon the recommendation of the Designated Examiner, pursuant to 8 U.S.C. § 1446(d), that the petition for naturalization, filed May 13, 1969, be granted.

3. See appendix.

## APPENDIX
In the District Court of the United States
for the Western District of Louisiana
at Shreveport, Louisiana

Petition for Naturalization
of
Silvia Martinez Simpson

Petition Number 2533

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATION OF DESIGNATED NATURALIZATION EXAMINER

To the Honorable, the Judges of the United States District Court for the Western District of Louisiana

1. The undersigned, duly designated under the Immigration and Nationality Act to conduct preliminary examinations upon petitions for naturalization, respectfully submits that the above named petitioner for naturalization, a 35-year old native and citizen of Spain, who has resided in the United States continuously since her lawful admission for permanent residence on August 28, 1967, filed her petition for naturalization numbered above on May 13, 1969, under Section 319(b) of the Immigration and Nationality Act (8 U.S.C.A. § 1430).

The question presented is whether the petitioner has established that she intends to join the citizen spouse abroad upon naturalization, the question arising by the fact that, although she intends, is willing, and is ready, she is unable to reside with her citizen spouse promptly upon naturalization solely because restrictions imposed by the United States Government preclude dependents, including the petitioner, from residing there, as the husband, a member of the Armed Forces of the United States, will be stationed in Thailand, and the petitioner will be staying with her family in Spain.

2. On May 13, 1969, the petitioner was accorded a preliminary investigation under oath prior to the filing of the petition for naturalization, during which she testified that she and her husband, TSgt John R. Simpson, a native-born United States citizen, were married on May 9, 1965 in Logrond, Spain. She further testified that she resides with her husband and United States citizen child at 287 Pelican Drive, Barksdale AFB, Louisiana.

A continued preliminary examination was held on May 13, 1969 at which time the petitioner executed an affidavit (Exhibit #1) stating that her husband is in the United States Air Force and is due to leave for Viet Nam and that she is expecting her second child and that she and the children will go to visit her parents in Spain while her husband is assigned to Viet Nam. At the continued preliminary examination held at Shreveport, Louisiana on May 13, 1969, the husband testified that his orders to Viet Nam may be postponed as his wife was expecting their second child in November, 1969, and he believed his orders would be delayed until after the birth of the second child. On August 19, 1969, he notified the undersigned that he had been deferred from overseas assignment (Exhibit #2) and would notify the undersigned when he received his orders for the overseas assignment.

On November 17, 1969, the petitioner's husband sent a letter and a copy of his orders showing that he was being assigned to Thailand in March, 1970 and his wife could not accompany him on the assignment (Exhibit #3). He enclosed a copy of his orders showing he is scheduled to depart March 5, 1970 from Barksdale AFB, Louisiana, for assignment to

1987 Comm. Sq. (AFCS), A.P.O. San Francisco, California 96310, which petitioner's husband has stated is Thailand, and the orders show that "dependents prohibited within oversea area" (Exhibit #4).

At the continued preliminary examination on May 13, 1969 the petitioner testified that the sole reason she and her child, and the expected child, will not accompany her husband is that United States Government regulations prohibit her from doing so, and that it is her intention to return to the United States with her citizen husband upon completion of his overseas assignment.

3. Section 319(b) (8 U.S.C. § 1430) reads as follows:

"Any person, (1) whose spouse is (A) a citizen of the United States, (B) in the employment of the Government of the United States, or of an American institution of research recognized as such by the Attorney General, or of an American firm or corporation engaged in while or in part in the development of foreign trade and commerce of the United States, or a subsidiary thereof, or of a public international organization in which the United States participates by treaty of statute, *or is authorized to perform the ministerial or priestly functions of a religious denomination having a bona fide organization within the United States, or is engaged solely as a missionary by a religious denomination or by an inter-denominational mission organization having a bona fide organization within the United States, and (C) regularly stationed abroad in such employment, and (2) who is in the United States at time of naturalization and (3) who declares before the naturalization Court in good faith an intention to take up residence within the United States immediately upon the termination of such employment abroad of the citizen spouse, may be naturalized upon compliance with all the requirements of the naturalization laws, except that no prior residence or specified period of physical presence within the United States or within the jurisdiction of the naturalization court or proof thereof shall be required."

* Added by the Act of August 20, 1958 (72 Stat. 687, 688).

It will be noticed that this section does not consider the question involved in this case. That is also true of its legislative history. A presidential report to Congress explanatory of the proposed Section 311 (ultimately Section 312 of the Nationality Act of 1940) stated in the relevant part of that proposed Section would facilitate the naturalization of spouses of certain citizens regularly stationed abroad in specified employment * * spouses who, by reason of enforced absence from this country, could not hope to meet the normal residency requirements of naturalization (Part 1, Codification of the Nationality Laws of the United States, House Committee Print, 76th Congress, 1st Session Page 28, June 13, 1938). Consequently, it is the only reasonable conclusion that, in enacting Section 312 and analogous Section 319 (b) (8 U.S.C. § 1430) that Congress sought to provide remedy for these exceptional situations, and, therefore, intended to limit the Section 319(b) (8 U.S.C. § 1430) benefits to a petitioner who intends to go abroad and reside with the citizen spouse during the period of absence either in employment or military duty. Obviously when the petitioner does not intend to reside abroad, there cannot be an "enforced absence" which created a need for remedial sections or the need for an exception to special residence exemptions provided in Section 319(a) (8 U.S.C. § 1430).

Therefore, a citizen spouse would not be eligible for naturalization under Section 319(b) unless the spouse is proceeding abroad to take up residence with the citizen spouse.

The United States Government has recognized that existing world conditions create dangers to persons present or residing in or near areas where hostile activities are taking place and has designated such areas as locations in which

dependents of United States government employees and servicemen cannot reside.

By virtue of the husband's orders (Exhibit #4), the petitioner cannot reside in Thailand with her husband. Thus, the petitioner will not be able to comply with the requirements. The failure of the petitioner to meet this requirement would rest solely on a restriction imposed by the United States Government and itself cannot be reasonably regarded as the voluntary or willful act of the petitioner or as being in contravention of congressional intent.

In Petition for Naturalization of Sun Cha Tom, 294 F.Supp. 791 (Hawaii, 1968), the Court granted citizenship to a petitioner who intended to reside in Korea while her citizen spouse was serving in the Armed Forces of the United States in Viet Nam. The petitioner was found to be eligible for the benefits of Section 319(b), *supra,* in that she had fully intended to comply with the provisions of that section but was prevented from residing abroad with her spouse solely because of restrictions imposed by the United States Government.

It can be readily observed that the facts of the instant case are quite similar to those of the *Sun* case cited above.

4. Pursuant to the provisions of Section 335 of the Immigration and Nationality Act (8 U.S.C. § 1446) I hereby make the following findings of fact and conclusions of law:

FINDINGS OF FACT:

(a) That the petitioner was lawfully admitted to the United States on August 28, 1967 and filed her petition for naturalization on May 13, 1969;

(b) That the petitioner married a citizen of the United States and is residing in marital union therewith;

(c) That the petitioner's husband is a member of the military forces of the United States who will be regularly stationed abroad;

(d) That Thailand is a place that United States government has imposed restrictions on dependents residing there;

(e) That the petitioner intends to reside in Spain while her husband is in Thailand, and intends to return to the United States when her husband's assignment is concluded.

CONCLUSIONS OF LAW:

(a) That the petitioner has established that she intends to join her citizen husband abroad as required in Section 319(b) of the Immigration and Nationality Act (8 U.S.C. § 1430) but is prevented from doing so by the United States Government restriction imposed upon dependents;

(b) That to deny the petitioner's naturalization would be contrary to the congressional intent in the enactment of Section 319(b) (8 U.S.C. § 1430) and its relating sections;

(c) That the petitioner has established her eligibility for naturalization under Section 319(b) Supra (8 U.S.C. § 1430).

5. I recommend therefore, that this petition for naturalization be GRANTED and that all the facts as herein above set forth be presented to the Court.

Respectfully submitted,

*William M Darlington*

WILLIAM M. DARLINGTON
Designated Naturalization Examiner
*January 15, 1970*