**In the Matter of Petition for Naturalization of Andree Eva POU.**

**No. 20969.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Sept. 11, 1970.

——◆——

## OPINION GRANTING PETITION FOR NATURALIZATION

HEEBE, District Judge.

This matter coming on to be heard on the Designated Examiner's recommendation pursuant to Title 8, Section 1446(d) of the United States Code, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

The Petitioner, a twenty-four year old native and citizen of France, filed her petition for naturalization in this Court on August 5, 1970, on which date a preliminary examination of the petitioner was conducted pursuant to the provisions of Title 8, United States Code, Section 1446, by a Designated Naturalization Examiner of the Immigration and Naturalization Service of the United States Department of Justice. The Examiner thereafter filed with the Court a recommendation that the petition for naturalization be granted.

The issue in this case is whether the petitioner is qualified for naturalization under Section 319(b) (8 U.S.C. § 1430) of the Immigration and Nationality Act, in that she must establish that she intends to join her citizen spouse abroad upon naturalization. The issue arises from the fact that although the petitioner is willing and would intend to join her citizen spouse promptly upon naturalization, she is prohibited from doing so solely because of restrictions imposed by the United States Government which preclude dependents, including the petitioner, from residing with her citizen spouse. Her citizen spouse is an Infantry Officer in the United States Army and will be stationed in Viet Nam, and his orders show that dependents are prohibited within the overseas area. The petitioner has stated, and the Court has been advised, that it is her intention to return to the United States with her citizen husband upon completion of her husband's overseas assignment. The petitioner intends to reside with her parents in France while her husband is overseas with the United States Army in Viet Nam.

### CONCLUSIONS OF LAW

The United States Government has recognized that existing world conditions create dangers to persons present or residing in or near areas where hostile activities are taking place and has designated such areas as locations in which dependents of the United States Government employees and servicemen cannot reside. By virtue of the petitioner's husband's orders, the petitioner cannot reside in Viet Nam with her husband.

This Court is of the opinion, and so concludes, that the petitioner is unable to comply with the requirements of Section 319(b) (8 U.S.C. § 1430) that she proceed abroad to take up residence with the citizen spouse solely by reason of restrictions imposed by the United States Government, and that itself cannot be reasonably regarded as the voluntary or

willful act of the petitioner or as being in contravention of Congressional policy. See Petition for Naturalization of Sun Cha Tom, 294 F.Supp. 791 (Hawaii, 1968). Further, " \* \* \* to deny the petitioner's naturalization would be contrary to Congressional intent in the enactment of Section 319(b) (8 U.S.C. § 1430) and its related sections." Petition for Naturalization of Silvia Martinez Simpson, 315 F.Supp. 584 (W.D.La., 1970). The equities are with the petitioner. Under the circumstances it would be inequitable to deny her the benefit of Section 319(b) (8 U.S.C. § 1430).

Thus, in the light of all the facts, the petitioner's testimony in Court, and the Examiner's recommendation, this Court is satisfied that the petitioner has established her eligibility for naturalization and adopts the findings of fact and conclusions of law of the Designated Examiner.

### ORDER

It is ordered, adjudged, and decreed that the Petition for Naturalization of Andree Eva Pou be and the same hereby is granted.