**Petition of Noriko Fujita GRAY.**

**No. 3592.**

United States District Court,
S. D. Mississippi, S. D.

May 17, 1973.

William M. Darlington, Gen. Atty., U. S. Nationality, Immigration and Naturalization Service, New Orleans, La., for petitioner.

## OPINION

NIXON, District Judge.

Noriko Fujita Gray, a 26 year old native citizen of Japan, who has resided in the United States continuously since her lawful admission for permanent residence on August 31, 1972, filed her Petition for Naturalization on March 12, 1973, under Section 319(b) of the Immigration and Nationality Act (8 U.S.C. 1430(b)). The question presented is whether the petitioner has established a good faith intention, upon naturalization, to reside abroad with her citizen spouse, a Captain in the United States Air Force, who will be stationed in Thailand. The difficulty herein arises from the fact that although the petitioner has declared her desire and willingness to join her husband in Thailand upon naturalization, she will be unable to do so because of the restrictions imposed by the United States Government which precludes dependents from accompanying their spouse to Thailand. The petitioner will instead live with her family in Japan.

Petitioner was accorded a preliminary investigation under oath prior to her filing of her Petition for Naturalization, and testified that she and her husband, Captain Jimmy L. Gray, a native-born citizen of the United States, were married on December 9, 1970, in Tokyo, Japan and presently reside in Biloxi, Mississippi. The petitioner's husband testified at this preliminary examination that he was being assigned to Thailand on or about May 8, 1973, and that his wife could not accompany him on this assignment. See Affidavit of petitioner's husband submitted herein (Exhibit 1), Orders of Reassignment (Exhibit 2) and Orders showing that "Dependent prohibited within overseas area" (Exhibit 3). The petitioner further testified at the preliminary examination that the sole reason she will not accompany her husband to Thailand is because of the United States Government regulations which prohibit her from doing so, and that she intends to return to the United States with her citizen husband upon completion of his overseas assignment.

Although Section 319(b) of the Immigration and Nationality Act does not contain any requirement that an alien spouse establish a good faith intention to reside abroad with her citizen spouse upon naturalization, it does require, inter alia, that the petitioner declare a good faith intention to take up residence within the United States immediately upon the termination of the citizen spouse's employment abroad.[1] The Fed-

---

1. Section 319(b) (8 U.S.C. 1430(b)) provides:

"Any person, (1) whose spouse is (A) a citizen of the United States, (B) in the employment of the Government of the United States or of an American institution of research recognized as such by the Attorney General, or of an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States, or a subsidiary thereof, or of a public international organization in which the United States participates by treaty of statute,* or is authorized to perform the ministerial or priestly functions of a religious denomination having a bona fide organization within the United States, or is engaged solely as a missionary by a religious

eral Regulation promulgated pursuant to this section, however, requires that a petitioner " . . . establish an intention in good faith, upon naturalization, to reside abroad with the United States citizen . . ." [2]

The purpose for enacting Section 319(b) was to eradicate the inequitable situation created when an alien spouse who, by reason of enforced absence from the United States occasioned by the citizen spouse's employment abroad, could not meet the normal residency requirements for naturalization.[3] Congress was very specific in defining the requirements necessary for an alien to take advantage of Section 319(b), and nowhere in the statute can there be found the requirement that the alien spouse intend to reside together with the citizen spouse. The only language that can be read into the statute is the requirement that the alien spouse intend to reside abroad. Otherwise, there can be no good faith intention to take up residence within the United States upon the termination of the employment abroad of the citizen spouse.

The situation Congress sought to remedy by the enactment of Section 319(b) was the "enforced absence" of the alien spouse from the United States caused by the citizen spouse's employment abroad. Naturally, an alien spouse would desire to reside together with the citizen spouse, but may not be able to do so for a number of reasons. In addition to the situation presented by the case sub judice, in which the alien spouse cannot join the citizen spouse by reason of restrictions imposed by the United States Government, this Court can envision analogous situations in which residence together is rendered difficult or undesirable because of the location of the citizen spouse's employment. Nevertheless, residence abroad by the alien spouse may be necessitated by economic conditions, or the desirability of having the alien spouse reside near the citizen spouse's place of employment and with relatives or friends. These too are "enforced absences" from the United States, the very situation which Congress sought to remedy by the enactment of 319(b).

Thus, this Court is of the opinion that a person is eligible for naturalization pursuant to Section 319(b) of the Immigration and Nationality Act and Section 319.2 of Title 8, C.F.R., when that person establishes, in addition to the other requirements not in issue, an intention in good faith, upon naturalization, to reside abroad during the period in which the citizen spouse is employed abroad, and to take up residence in the United States after such employ-

---

denomination or by an interdenominational mission organization having a bona fide organization within the United States, and (C) regularly stationed abroad in such employment, and (2) who is in the United States at time of naturalization and (3) who declares before the naturalization Court in good faith an intention to take up residence within the United States immediately upon the termination of such employment abroad of the citizen spouse, may be naturalized upon compliance with all the requirements of the naturalization laws, except that no prior residence or specified period of physical presence within the United States or within the jurisdiction of the naturalization court or proof thereof shall be required."

\* Added by the Act of August 20, 1958 (72 Stat. 687, 688).

2. § 391.2 of the Code of Federal Regulations provides:
"§ 319.2 *Person whose United States citizen spouse is employed abroad.* A person of the class described in section 319(b) of the Immigration and Nationality Act shall establish an intention in good faith, upon naturalization, to reside abroad with the United States citizen spouse and to take up residence in the United States immediately upon the termination of the employment abroad of such spouse. It shall be established that at the time of filing of the petition for naturalization such person was in the United States pursuant to a lawful admission for permanent residence, and that he is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."

3. Part 1, Codification of the Nationality Laws of the United States (House Committee Print—76 Congress, First Sess., page 28) June 13, 1938.

ment is terminated. This Court concludes that the language in Section 319.2 of the Code of Federal Regulations "to reside abroad with the United States citizen spouse" simply means that the alien spouse must intend to reside abroad, as opposed to remaining in the United States, the word "with" being given its broadest interpretation. The purpose of this regulation, in this Court's opinion, was to enunciate the unstated requirement of Section 319(b) of residence abroad by the alien spouse in order that that person may declare "before the naturalization court in good faith an intention to take up residence within the United States immediately upon the termination of such employment abroad of the citizen spouse . . . .".

 This Court agrees with the ultimate results reached in those cases practically on all fours factually with the case sub judice which have determined that although Section 319(b) requires an intention to reside together with the citizen spouse or to join the citizen spouse abroad upon naturalization, a petitioner can establish eligibility for naturalization upon a showing that the inability to comply with this requirement is solely by reason of restrictions imposed by the United States. These cases reason that the inability to comply cannot be regarded as the voluntary or wilful act of a petitioner and to deny naturalization would be contrary to the Congressional intent in the enactment of Section 319(b). See In re Petition of Pou, 317 F.Supp. 177 (E.D.La.1970); In re Simpson, 315 F.Supp. 584 (W.D.La. 1970); In re Petition of Sun Cha Tom, 294 F.Supp. 791 (D.Haw.1968). If in fact Section 319(b) requires that there be a good faith intention to join the citizen spouse abroad upon naturalization, this Court concurs with and adopts the reasoning of these cases.

 The difficulty with this interpretation of Section 319(b) and the approach adopted by these cases is that while it provides equity for those petitioners unable to establish a good faith intention to reside together with their citizen spouses abroad because of re-

strictions imposed by the United States Government, it forecloses equity to that class of petitioners denoted by this Court hereinabove. Thus, although living conditions may be undesirable or unbearable in the place where the citizen spouse is employed, the petitioner's decision not to reside together with the citizen spouse could not be regarded as involuntary. Furthermore, if the Designated Examiner and thereafter the Court attempts a case by case determination of when conditions in a certain locale or when particular family situations renders residence together with the citizen spouse undesirable or the involuntary act of a petitioner, the results would be conflicting and inequitable decisions throughout the country. This would obviously be contrary to the Congressional intent in the enactment of Section 319(b).

In light of the foregoing, and the Designated Examiner's favorable recommendation in this case, this Court finds and is of the opinion that the petitioner, Noriko Fujita Gray, has established her eligibility for naturalization and her Petition should be granted.